FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ NOV 7 2007 ★
P.M.
TIME AM.

# UNITED STATES DISTRICT COURT

Eastern District of New York

UNITED STATES OF AMERICA
V.
Damian Melo

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR 05-672 (NG)

USM Number: 73536-053

Thomas J. Sullivan, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   two

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 7 USC§2024 ( c) | Redemption of Illegally Received Food Stamps, a class D Felony | August 4, 2005 | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)   All open counts   ☐ is   X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 2, 2007
Date of Imposition of Judgment

/s/ NG
Signature of Judge

Nina Gershon, USDJ
Name and Title of Judge

November 6, 2007
Date

DEFENDANT: Damian Melo
CASE NUMBER: CR 05-672 (NG)

Judgment — Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Time served

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ a _____ ☐ a.m. ☐ p.m. on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Damian Melo  
CASE NUMBER: CR 05-672 (NG)

Judgment—Page 3 of 5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three (3) years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Damian Melo  
CASE NUMBER: CR 05-672 (NG)

Judgment — Page 4 of 5

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ -0- | $ See attached Preliminary Order of Forfeiture dated 11/2/2007 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  Damian Melo                                      Judgment — Page  5  of  5
CASE NUMBER:  CR 05-672 (NG)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  **X**  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

PRELIMINARY ORDER OF FORFEITURE

- against -

05-CR-0672 (NG)

DAMIAN MELO,

Defendant.

- - - - - - - - - - - - - - -X

WHEREAS, in the above-captioned criminal action, the United States of America sought the forfeiture of specific properties, or in the alternative, substitute assets, of the defendant, DAMIAN MELO, pursuant to 18 U.S.C. § 981(a)(1)(C) and Title 28, U.S.C. § 2461(c); and

WHEREAS, on March 29, 2007, the defendant, DAMIAN MELO, entered a plea agreement with the United States, and agreed, *inter alia*, to plead guilty to Count Two of the Indictment charging him with redemption of illegally received food stamps, in violation of 7 U.S.C. § 2024(c); and

WHEREAS, the defendant DAMIAN MELO, as part of his Plea Agreement with the United States, has agreed to the entry of an Order of Forfeiture against the defendant, and to a Money Judgment in the amount of $1,000,000.00 ("the Forfeiture Money Judgment") against him, and to forfeit to the United States all

right, title and interest in any and all properties used or attempted to be used or to facilitate the commission, all proceeds derived from or traceable to, the offenses contained in the Indictment and/or are substitute assets as defined in 21 U.S.C. § 853(p); and

WHEREAS on March 29, 2007 the Court conditionally accepted the defendant's guilty plea; and

WHEREAS, by virtue of the Defendant having pled guilty and waived all his constitutional, legal and equitable defenses and rights to the forfeiture allegations of the Indictment, the United States is now entitled to possession of the Forfeiture Money Judgment in the amount of $1,000,000.00 pursuant to 7 U.S.C. § 2024(h), 18 U.S.C. § 981 (a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. A Forfeiture Money Judgment in the amount of $1,000,000.00 is hereby forfeited to the United States and entered against the defendant, DAMIAN MELO.

2. In partial satisfaction of the Forfeiture Money Judgment, the following properties are hereby forfeited to the United States:

    a. all right, title and interest of all funds in the amount of $615,165.48 in United States currency which is currently being held by the Clerk of Court for the Eastern

District of New York to secure the defendant's bail;

      b. all right, title and interest in the real property and premises known as 659 Franklin Avenue, Brooklyn, New York, and the business located at such premises known as Rocio Melo Corporation (a/k/a "Damian Melo Corporation" and "Melo Grocery"); and

      c. all right, title and interest in the amount of $27,000.00 in United States Currency which funds shall be paid by the defendant, Damian Melo, on or before the date of his guilty plea, by bank or certified check made payable to the United States Marshal's Service Eastern District of New York.

    3. All payments on the Forfeiture Money Judgment to the United States shall be made by bank or certified check made payable to the "United States Marshals Service, Eastern District of New York" and delivered by hand or overnight mail to Assistant U.S. Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn no later than the date the defendant's guilty plea before the Court.

    4. The United States Marshals Service for the Eastern District of New York shall dispose of the forfeited properties and deposit all payments on the Forfeiture Money Judgment in accordance with applicable laws and regulations.

    5. Until all the properties are forfeited and the

Forfeiture Money Judgment is fully satisfied, defendant, DAMIAN MELO, shall not, directly or indirectly engage in any effort to transfer, sell, assign, pledge, hypothecate, encumber or dispose of in any manner, or cause to be transferred, sold, assigned, hypothecated, encumbered, or disposed of in any manner the properties subject to forfeiture or any substitute assets.

6. Upon entry of this Order, the United States is authorized to seize the forfeited properties and funds and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

7. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or a designee) may direct. The United States, may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the properties to be forfeited.

8. Any person, other than the above-named defendant, asserting a legal interest in the properties subject to forfeiture may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the properties to be forfeited, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. §

853(n), as incorporated by reference in 18 U.S.C. § 981.

9. Any petition filed by a third party asserting an interest in the properties to be forfeited shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the properties to be forfeited, the time and circumstances of the petitioner's acquisition of the right, title or interest in the properties to be forfeited, any additional facts supporting the petitioner's claim and the relief sought. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

10. Pursuant to Fed. R. Crim. P. 32.2(b)(3), at sentencing, a Final Order of Forfeiture shall be made a part of the defendant's sentence and included in the final Judgment.

11. In accordance with Fed. R. Crim. P. 32.2(b)(3), the United States is hereby authorized to conduct any discovery necessary to help identify, locate, or dispose of any property subject to forfeiture.

12. The United States shall have clear title to the properties to be forfeited following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

13. The Clerk of Court shall forward three certified copies

of this order to Assistant U.S. Attorney Claire S. Kedeshian,

U.S. Attorney's Office, Eastern District of New York,

One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Brooklyn, New York  SO ORDERED:
Dated: ~~April~~     2007
       November 2,

_/s/ Nina Gershon_
HONORABLE NINA GERSHON
UNITED STATES DISTRICT JUDGE